ANNA R. LEVINE (CA BAR NO. 227881)
TIMOTHY ELDER (CA BAR NO. 277152)
**TRE Legal Practice**
1155 Market Street, 10th Floor
San Francisco, CA 94103
Telephone:       (415) 873-9199
Facsimile:       (415) 952-9898
Email:           alevine@trelegal.com
                 telder@trelegal.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Nancy Langenberger,

Plaintiff,

v.

Blue Shield of California Life & Health Insurance Co., Blue Shield of California Promise Health Plan aka Carestst Health Plan,

Defendants.

Case No. _____,

**Complaint for Discrimination in Violation of the Patient Protection and Affordable Care Act, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, the California Unruh Civil Rights Act, and the California Disabled Persons Act.**

**DEMAND FOR JURY TRIAL**

1

**INTRODUCTION**

2       1.    Plaintiff Nancy Langenberger is a blind individual who relies on a guide dog. She brings

3    this action against Defendant Blue Shield of California Life & Health Insurance Company ("Blue

4    Shield of California") and its wholly-controlled affiliate and indirect subsidiary, Blue Shield of

5    California Promise Health Plan, also known as Care1st Health Plan ("Promise Health Plan"), to

6    remedy Promise Health Plan's discriminatory policies and practices with respect to its provision

7    of transportation benefits to blind plan members who rely on service animals. Ms. Langenberger

8    suffers delays and inferior service in her transportation to and from medical and dental

9    appointments because of Promise Health Plan's unlawful policies and practices.

10      2.    Ms. Langenberger asks this Court for a declaration that Blue Shield of California and

11   Promise Health Plan's policies and practices that require her to self-identify as a disabled service

12   animal user, restrict available transportation options on account of her service animal, and allow

13   drivers to refuse to transport her with her service animal are illegal, an order enjoining Blue

14   Shield of California and Promise Health Plan from engaging in these policies and practices in the

15   future, and compensation for past harm resulting from these policies and practices.

16

**JURISDICTION**

17      3.    This is an action for declaratory, injunctive, and compensatory relief pursuant to the

18   Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18116; the Americans with

19   Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; Section 504 of the Rehabilitation Act ("Section

20   504"), 29 U.S.C. §§ 702, *et seq.*; the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ.

21   Code §§ 51-53; and the California Disabled Persons Act ("CDPA"), Cal. Civ. Code §§ 54-55.

22      4.    The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343,

23   and jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. Sections 2201 and 2202. It

24   has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367.

25

**VENUE**

26      5.    Pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) and 1391(c), venue is proper in the United States

27   District Court, Northern District of California because Defendants are located in the District,

28

— 1 —

COMPLAINT FOR DISCRIMINATION [_____]

1    and the acts and omissions giving rise to this claim have occurred and are occurring within the

2    District.

3                                            **PARTIES**

4        6.   Plaintiff Nancy Langenberger resides in Campbell, California. Ms. Langenberger is blind

5    as a result of retinitis pigmentosa. Her medical condition substantially limits her major life

6    activities of seeing, reading, and navigating. She uses a guide dog, Norway, trained by Guide

7    Dogs for the Blind, to assist her in such tasks as traveling in a straight line, avoiding obstacles,

8    and being aware of elevation changes. Ms. Langenberger has suffered and faces ongoing harm

9    because of Defendants' discriminatory actions, policies, and practices with respect to her right to

10   use service animals in its transportation services.

11       7.   Defendant Blue Shield of California Life & Health Insurance Company, commonly

12   known as "Blue Shield of California," is a health-care insurance provider in California. Blue

13   Shield of California acquired Care1st Health Plan in 2015, in an arrangement under which its

14   wholly-controlled, direct subsidiary Cumulus Holding Company, Inc. purchased 100% of Care1st

15   Health Plan's outstanding shares. Blue Shield of California maintains offices at 50 Beale Street,

16   San Francisco, CA 94105.

17       8.   On January 1, 2019, Care1st Health Plan changed its name to Blue Shield of California

18   Promise Health Plan. Defendant Blue Shield of California Promise Health Plan is a California

19   health plan provider. Since 2015, Promise Health Plan is a wholly-controlled affiliate and indirect

20   subsidiary of Blue Shield of California.

21                                            **FACTS**

22                                    **Health Plan Benefits**

23       9.   Ms. Langenberger began participating in a Medicare Advantage plan through Promise

24   Health Plan, at that time known as Care1st Health Plan, on or before January 1, 2016.

25       10.  Ms. Langenberger's health care plan through Promise Health Plan includes, and has

26   always included, a transportation benefit. Promise Health Plan provides transportation pursuant

27   to this plan benefit on an as-needed basis to facilitate non-emergency access to healthcare, such

28   as physician or dental office visits. Under Ms. Langenberger's plans for 2016-2017, 2017-2018, this

COMPLAINT FOR DISCRIMINATION [_____]

1    included twelve rides (i.e., six round-trips) to and from medical and dental appointments per

2    year.

3        11.    Because her disability prevents her from driving, Promise Health Plan's transportation

4    benefit offers significant value to Ms. Langenberger. Promise Health Plan informed Ms.

5    Langenberger in April 2018 that she had exhausted her transportation benefits for the 2017-2018

6    plan year, and as a result she has not tried to book transportation through Promise Health Plan

7    since that time.

8        12.    Ms. Langenberger renewed her health plan for 2019 and intends to book transportation

9    through Promise Health Plan during the upcoming and future plan years.

10                                    **Policies & Practices**

11        13.    Promise Health Plan requires that arrangements for travel must be made at least twenty-

12    four hours in advance by contacting its Transportation Department.

13        14.    Upon receiving a request for transportation services, Promise Health Plan relies on

14    contractual or other arrangements with taxi, ride-share and transportation service companies, to

15    arrange for drivers who pick-up and drop-off plan members like Ms. Langenberger.

16        15.    From 2016 to the present, Promise Health Plan has repeatedly indicated to Ms.

17    Langenberger that she must disclose that she will be traveling with her service animal, and that

18    the decision whether to transport her with her service animal is at an individual driver's

19    discretion.

20        16.    For example, on or around March 13, 2018, Ms. Langenberger participated in a call with a

21    Promise Health Plan transportation department representative in which she was told that she was

22    expected to inform Promise Health Plan if she were traveling with a service animal; that it would

23    be flagged in her file; that it would be at the driver's discretion as to whether to serve her; and

24    that a driver could refuse a service animal.

25        17.    On information and belief, Ms. Langenberger has been flagged in Promise Health Plan's

26    records as requiring a service animal, in a manner that supports discrimination.

27

28

COMPLAINT FOR DISCRIMINATION [_____]

**Past Discrimination & Denials**

18.  Ms. Langenberger used Promise Health Plan's transportation benefit to travel to dental appointments in 2016 on April 6, July 20 and 30, August 31, September 14 and 21, October 5, and December 7; and, to travel to dental appointments in 2017 on April 26, August 2, August 23, and November 29.

19.  On at least half of the occasions on which she used Promise Health Plan's transportation benefit in 2016 and 2017, although Plaintiff had confirmed both drop off and pick up information ahead of time, she was forced to endure egregious delays for pick-up, waiting an hour or an hour and a half after her scheduled pick-up time for pre-arranged transportation services.

20.  On information and belief, Defendants' policy of requiring Ms. Langenberger to disclose her use of a service animal, restricting available transportation options, and allowing driver discretion as to whether to serve a plan participant with a service animal limits the supply of available drivers to fulfill her transportation benefits, contributing to delays and resulting in an unequal benefit.

21.  Drivers have expressed agitation and hostility about transporting Ms. Langenberger because of her service animal, resulting in unequal service and causing her emotional distress.

22.  Ms. Langenberger filed a grievance with Promise Health Plan on August 22, 2016 to report that she had been denied transportation because of her guide dog; that drivers have to confirm they will pick her up because of her guide dog; that drivers are sometimes angry and upset by the presence of her guide dog; and that this causes her distress. Promise Health Plan acknowledged the problems but offered as a remedy only its vendor's apology and assurance that it would have "a lead driver" assist on scheduled transportation pick-ups "to assure this will not happen again."

23.  Ms. Langenberger faces an imminent risk of further harm, in that Promise Health Plan maintains discriminatory policies, practices, and procedures that allow the drivers who fulfill its transportation benefits to discriminate. Promise Health Plan's discriminatory policies and practices have caused Ms. Langenberger delays in the past. Without the assurance that Promise

COMPLAINT FOR DISCRIMINATION [_____]

1   Health Plan takes meaningful action to ensure that drivers do not discriminate against service

2   animal users, she reasonably expects that she will again experience delays or cancellations.

3       24.  In a demand letter dated July 20, 2018, Ms. Langenberger further complained and sought

4   informal redress regarding Promise Health Plan's policies and practices and the delays and

5   denials that she has experienced and continues to experience. Promise Health Plan responded to

6   the letter but would not agree to change any of its policies and practices or otherwise provide Ms.

7   Langenberger redress.

8   **FIRST CAUSE OF ACTION**

9   **Patient Protection and Affordable Care Act (42 U.S.C. § 18116)**

10       25.  Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the

11   Complaint.

12       26.  Under the ACA, Promise Health Plan is obligated to ensure that no person is excluded

13   from participation in, denied the benefits of, or subjected to discrimination under any of its

14   health programs or activities because of that person's disability. 42 U.S.C. § 18116; 45 C.F.R. §

15   92.101(a)(1).

16       27.  The provision of transportation service to and from medical appointments constitutes a

17   "health program or activity" in that it is the "provision of assistance to individuals in obtaining

18   health-related services." 45 C.F.R. § 92.4.

19       28.  As Promise Health Plan is "an entity principally engaged in providing or administering

20   health services or health insurance coverage or other health coverage, all of its operations are

21   considered part of [its] health program or activity," including the provision of transportation

22   service to its beneficiaries. *Id.*

23       29.  Ms. Langenberger, who is blind, is a person with a disability within the meaning of the

24   ACA.

25       30.  By requiring Ms. Langenberger to inform Promise Health Plan that she uses a service

26   animal when she requests transportation to and from her medical appointments, by restricting

27   available transportation options, and by allowing its vendors of transportation services and/or

28   their drivers discretion to delay or deny services as a result of Ms. Langenberger's use of a service

COMPLAINT FOR DISCRIMINATION [_____]

1   animal, Promise Health Plan engages in discrimination prohibited by the ACA. 42 U.S.C. § 18116;

2   45 C.F.R. § 92.101(a)(1).

3       31.   Directly or through contractual arrangements, Promise Health Plan (1) denies qualified

4   disabled plan members its transportation services; (2) provides plan members with disabilities an

5   opportunity to receive transportation services that is not equal to that offered to other plan

6   members; (3) provides plan members with disabilities transportation services that are not as

7   effective as those provided to other plan members; (4) provides plan members with disabilities

8   transportation services in a manner that limits or has the effect of limiting the participation of

9   qualified disabled plan members; and (5) provides plan members with disabilities transportation

10  services that are unlawfully separate or different. *See* 45 C.F.R. §§ 92.101(b)(2)(i) (requiring health

11  plans that receive federal funds under the ACA to comply with specified regulations

12  implementing Section 504) and 84.52(a)(1)-(5) (defining acts by providers of health benefits

13  prohibited by provisions of Section 504 incorporated by the ACA); *see also* 45 C.F.R. 84.4(b)(1)(i)-

14  (iv) (reiterating these protections).

15      32.   Promise Health Plan also unlawfully aids or perpetuates discrimination against

16  beneficiaries with disabilities by providing significant assistance to entities or persons that

17  discriminate on the basis of disability in providing an aid, benefit, or service to Promise Health

18  Plan plan members, specifically, transportation vendors and drivers that Promise Health Plan

19  allows to decline to transport service animals. 45 C.F.R. § 84.4(b)(1)(v).

20      33.   By allowing and enabling such discrimination on the basis of disability and use of a

21  service animal, Promise Health Plan also otherwise limits beneficiaries with disabilities in the

22  enjoyment of a right, privilege, advantage, or opportunity enjoyed by other beneficiaries. 45

23  C.F.R. § 84.4(b)(1)(vii).

24      34.   Promise Health Plan utilizes criteria or methods of administration that have the effect of

25  subjecting beneficiaries to discrimination on the basis of disability, or that have the effect of

26  substantially impairing accomplishment of the objectives of the transportation benefit with

27  respect to beneficiaries with disabilities. 45 C.F.R. 84.4(b)(4).

28

COMPLAINT FOR DISCRIMINATION [_____]

35. Defendants' discriminatory actions caused Ms. Langenberger humiliation, indignity, and emotional distress.

36. The ACA allows for compensatory damages upon a showing that Defendants' conduct was intentional or deliberately indifferent. Defendants' policy to require self-disclosure of the use of a service animal and allow drivers discretion not to transport service animals imposes an unlawful limitation on access to full and equal transportation benefits based solely on disability, and as such constitutes an intentional, *per se* violation of the ACA. In the alternative, because Ms. Langenberger's need for accommodation is obvious, and service animal requirements under federal and state law are well established by law and regulation, Defendants' policies and conduct toward Ms. Langenberger were either intentional or deliberately indifferent.

37. Plaintiff is entitled to injunctive relief to remedy Defendants' discrimination, damages for past harm, and attorney's fees and costs. 45 C.F.R. § 92.301(a) (applying the enforcement mechanisms of, *inter alia*, Section 504, 29 U.S.C. § 794a, including civil actions for judicial relief); 45 C.F.R. § 92.301(b) (allowing claims for damages); 29 U.S.C. § 794a(b) (allowing attorney's fees).

## SECOND CAUSE OF ACTION

### Section 504 of the Rehabilitation Act (29 U.S.C. §§ 701, *et seq*.)

38. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

39. Section 504 provides that "no otherwise qualified individual with a disability in the United States … shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a)(i).

40. An "individual with a disability" is defined under the statute, in pertinent part, as "an individual who has a physical or mental impairment which substantially limits one or more of such person's major life activities." 29 U.S.C. § 705(20)(A).

41. Ms. Langenberger is a qualified individual with a disability within the meaning of Section 504.

COMPLAINT FOR DISCRIMINATION [_____]

1    42.  Defendants have received federal financial assistance at all relevant times through their

2    participation in the Medicare (Title XVIII of the Social Security Act, 42 U.S.C. § 1395, *et seq.*) and

3    Medicaid (Title XIX of the Social Security Act, 42 U.S.C. § 1396, *et seq.*) programs.

4    43.  Defendants have violated the rights of Ms. Langenberger under Section 504(a) and its

5    implementing regulations through policies, actions, or inactions with respect to use of service

6    animals, which denied and continue to deny Ms. Langenberger, on the basis of her disability, full

7    and equal access to benefits offered by Defendants through their medical plan.

8    44.  Defendants' discriminatory actions caused Ms. Langenberger humiliation, indignity, and

9    emotional distress.

10    45. Section 504 provides that "[t]he remedies, procedures, and rights set forth in title VI of

11    the Civil Rights Act of 1964 … shall be available to any person aggrieved by any act or failure to

12    act by any recipient of Federal assistance…." 29 U.S.C. § 794a(a)(2).

13    46. Section 504 allows for compensatory damages upon a showing that Defendants' conduct

14    was intentional or deliberately indifferent. Defendants' policy or practice of requiring self-

15    disclosure of the use of a service animal, restricting available transportation options, and allowing

16    drivers discretion not to transport service animals imposes an unlawful limitation on access to full

17    and equal transportation benefits based solely on disability, and as such constitutes an

18    intentional, *per se* violation of Section 504. In the alternative, because Ms. Langenberger's need

19    for accommodation is obvious, and service animal requirements under federal and state law are

20    well established by law and regulation, Defendants' policies and conduct toward Ms.

21    Langenberger were either intentional or deliberately indifferent.

22    47. Defendants' conduct constitutes an ongoing and continuous violation of Section 504 with

23    respect to Ms. Langenberger, which causes her harm for which there is no adequate remedy at

24    law. Ms. Langenberger will continue to be denied the benefits of, and be subjected to

25    discrimination while using, the transportation provision of Defendants' health-care plan, because

26    of Defendants' policies and actions that support and allow people with disabilities who rely on

27    service animals to receive unequal access to the benefits listed in the plan.

28

COMPLAINT FOR DISCRIMINATION [_____]

1    48. Consequently, Plaintiff is entitled to injunctive relief, damages, and reasonable attorney's

2    fees and costs.

3                              **THIRD CAUSE OF ACTION**

4              **Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq.*)**

5    49. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the

6    Complaint.

7    50. The ADA, and the regulations promulgated by the Department of Transportation that

8    implement the ADA in the context of transportation, apply to "[a]ny private entity that is not

9    primarily engaged in the business of transporting people but operates a demand responsive or

10   fixed route system," whether or not it receives financial assistance from the federal government.

11   42 U.S.C. § 12182(b)(2)(D)(ii)(II); 49 C.F.R. § 37.21(a)(3). Promise Health Plan is not primarily

12   engaged in the business of transporting people but operates a demand responsive system to

13   provides transportation benefits for plan members such as Ms. Langenberger.

14   51.  The Department of Transportation's ADA regulations mandate that Promise Health

15   Plan, like all public and private entities involved in transportation, "shall permit service animals

16   to accompany individuals with disabilities in vehicles and facilities." 49 C.F.R. §§ 37.167(a) & (d).

17   52.  Department of Transportation regulations apply the enforcement mechanisms found in

18   the Department of Justice's regulations under Title III of the ADA to private entities like Promise

19   Health Plan. 49 C.F.R. § 37.11(c).

20   53.  Promise Health Plan is legally obligated to ensure that it provides "equivalent service to

21   individuals with disabilities," including permitting service animals to accompany persons with

22   disabilities in vehicles, when it contracts with taxi companies to deliver the demand-responsive

23   transportation benefits listed in its plan. 49 C.F.R. § 37.23 & 37.167(d); *see also* 49 C.F.R. § 37.105

24   (including "response time" as a measure of equivalency).

25   54. Furthermore, Title V of the ADA makes it unlawful to "interfere with any individual in

26   the exercise or enjoyment of … any right granted or protected" under the ADA. 42 U.S.C. §

27   12203(b); 28 C.F.R. § 35.134(b).

28

COMPLAINT FOR DISCRIMINATION [_____]

55. Department of Transportation regulations implementing the ADA protect individuals with disabilities from discrimination by mandating that "[p]rivate entities providing taxi service," including the taxi companies that Promise Health Plan enlists to deliver transportation services to plan members like Ms. Langenberger, "shall not discriminate against individuals with disabilities" through their actions. 49 C.F.R. 37.29(c).

56. By requiring Ms. Langenberger to self-identify as a blind guide-dog handler, restricting available transportation options based on that information, providing that information to discriminatory transportation vendors covered by the ADA, and otherwise permitting discrimination against Ms. Langenberger as a blind guide-dog handler by its vendors covered by the ADA, Promise Health Plan interferes with Ms. Langenberger in her enjoyment of her "full and equal" right under Title III of the ADA, 42 U.S.C. § 12184(a), to make use of taxi companies and other transportation providers.

57. Consequently, Plaintiff is entitled to injunctive relief to remedy Defendants' discrimination and to reasonable attorney's fees and costs. 49 C.F.R. § 37.11(c) (applying Department of Justice regulations regarding Title III of the ADA in the transportation context); 28 C.F.R. § 36.501(a) (allowing private civil actions and injunctive relief); 28 C.F.R. § 36.505 (allowing attorney's fees).

**FOURTH CAUSE OF ACTION**

**California Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53)**

58. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

59. The Unruh Civil Rights Act ("Unruh Act"), California Civil Code sections 51 through 53, provides that all persons within California are free and equal, and "no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever" within the jurisdiction of California. Cal. Civ. Code § 51(b).

COMPLAINT FOR DISCRIMINATION [_____]

1  60. Ms. Langenberger is a person with a disability as defined by the Unruh Act. Cal. Civ.

2  Code § 51(e)(1); Cal. Gov't Code § 12926(m).

3  61. Defendants are business establishments within the jurisdiction of the state of California

4  and obligated to comply with the provisions of the Unruh Act.

5  62. A violation of a right of any individual under the ADA also constitutes a violation of the

6  Unruh Act. Cal. Civ. Code § 51(f). Defendants have violated the Unruh Act with respect to

7  Plaintiff through their violation of the ADA. *See supra* [¶¶ 49-57].

8  63. Independently of the ADA, the Unruh Act requires that Promise Health Plan ensure that

9  plan members with disabilities have full and equal access to all of its accommodations,

10  advantages, and privileges. Cal. Civ. Code §§ 51.5(a), 54.1(a)(1).

11  64. Defendants' obligations under state law specifically include allowing persons with

12  disabilities to be accompanied by a service dog in all places of public accommodation, including

13  motor vehicle transportation providers. Cal. Civ. Code §§ 54.1(a)(1), 54.1(c), 54.2(a), 54.2(b).

14  65. Defendants are liable not only for their own discriminatory actions, but also for aiding

15  discrimination by other entities, such as contracted taxi companies and other transportation

16  vendors, as well as for otherwise interfering with the right of a person with a disability to be

17  accompanied by a service dog in any place of public accommodation. Cal. Civ. Code §§ 52(a),

18  54.3(a). Promise Health Plan knowingly aids discrimination by its contracted transportation

19  vendors and their drivers by requiring Ms. Langenberger to self-identify that she relies on a

20  service animal, restricting available transportation options based on that information, providing

21  this information to its transportation vendors, and allowing them to discriminate on the basis of

22  that information.

23  66. Defendants' conduct violates the Unruh Act, including Cal. Civ. Code § 51(b), because

24  their policies and practices deny Ms. Langenberger the full and equal accommodations,

25  advantages, facilities, privileges, and services of Defendants' business establishment on the basis

26  of her disability.

27  67. Whoever denies, aids or incites a denial, or makes any discrimination or distinction

28  contrary to the Unruh Act, Civil Code section 51, is liable for each and every offense for the

COMPLAINT FOR DISCRIMINATION [_____]

1   actual damages, and any amount that may be determined by a jury, or a court sitting without a

2   jury, up to a maximum of three times the amount of actual damage but in no case less than four

3   thousand dollars ($4,000), and any attorney's fees that may be determined by the court in

4   addition thereto. Cal. Civ. Code § 51(a).

5       68. Consequently, Plaintiff is entitled to injunctive relief to remedy Defendants'

6   discrimination, as well as damages for past harm, attorney's fees, and costs. Cal. Civ. Code §§ 52

7   and 52(a).

8                           **FIFTH CAUSE OF ACTION**

9               **California Disabled Persons Act (Cal. Civ. Code §§ 54-55)**

10      69. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the

11  Complaint.

12      70. The California Disabled Persons Act ("CDPA") guarantees individuals with disabilities

13  "full and equal access … to accommodations, advantages, facilities, medical facilities, including

14  hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor

15  vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes

16  of transportation (whether private, public, franchised, licensed, contracted, or otherwise

17  provided)." Cal. Civ. Code § 54.1(a)(1).

18      71. The CDPA specifically guarantees that an "individual with a disability has the right to be

19  accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any

20  of the places specified in Section 54.1." Cal. Civ. Code § 54.2(a).

21      72. "Interfere," for purposes of the CDPA, "includes, but is not limited to, preventing or

22  causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions

23  in assisting a disabled person." Cal. Civ. Code § 54.3(a).

24      73. Defendants' policies and practices interfered with Ms. Langenberger's rights under the

25  CDPA by preventing her guide dog, Norway, from carrying out his assistive functions when she

26  sought transportation. Cal. Civ. Code § 54.3(a).

27

28

COMPLAINT FOR DISCRIMINATION [_____]

74. In violation of the CDPA, Defendants have denied, incited a denial of, and continue to deny Ms. Langenberger the right to "full and equal access" to transportation and her "right to be accompanied by a guide dog." Cal. Civ. Code §§ 54.1(a)(1), 54.2(a).

75. Violations of the ADA also constitute violations of the CDPA. Cal. Civ. Code § 54.2(c). Defendants have violated the CDPA with respect to Ms. Langenberger through their violation of the ADA. [*See supra* ¶¶ 49-57.]

76. Denying or interfering with an individual's rights under the CDPA creates minimum liability of "in no case less than one thousand dollars ($1,000)" for each offense, as well as "attorney's fees as may be determined by the court in addition thereto." Cal. Civ. Code § 54.3(a). Defendants are liable for damages, attorney's fees, and costs for past harm to Ms. Langenberger under the CDPA.

77. Defendants' policies and actions in violation of the CDPA caused, and continue to cause, Ms. Langenberger to suffer humiliation, indignity, and emotional distress.

78. Plaintiff seeks damages for past harm, attorney's fees, and costs based on Defendants' violation of her rights under the CDPA. She does not seek relief under California Civil Code section 55.

## SIXTH CAUSE OF ACTION

### Declaratory relief

79. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

80. Plaintiff contends that Defendants' policies, practices and procedures with respect to plan members who rely on service animals and seek to make use of their transportation benefits, including their requirement that a plan member disclose her use of a service animal and by extension that she has a disability, restricting access to available transportation options based on that information, provision of that information to companies and drivers used to fulfill a transportation service benefit, and tolerance of discriminatory actions by those companies and drivers, constitute discrimination in violation of the ACA, the ADA, Section 504, the Unruh Act, and the CDPA.

— 13 —

81. Defendants disagree with Plaintiff's contentions.

82. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff requests relief as set forth below.

## RELIEF REQUESTED

Plaintiff prays for judgment as follows:

83. A declaration that Defendants discriminate against people with disabilities through their policies, actions, and inactions with respect to plan members who, because of their disabilities, require the use of service animals;

84. An order enjoining Defendants from violating the ACA, the ADA, Section 504, and the Unruh Act through their policies and practices related to reliance on service animals by plan members with disabilities seeking to use Defendants' transportation services;

85. Compensatory damages against Defendants, for each violation of the ACA and Section 504, for the humiliation, indignity, shock, and emotional distress that Ms. Langenberger experienced as a result of the unlawful policies, practices, and conduct of Defendants, their agents and employees, and their contractors;

86. Statutory damages against Defendants for each violation of the Unruh Act;

87. Statutory and compensatory damages against Defendants for each violation of the CDPA;

88. An award of Plaintiff's reasonable attorney's fees and costs against Defendants; and

89. Such other and further relief as the Court deems just and proper.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 3-6, Plaintiff respectfully requests a jury trial against Defendants on all issues triable thereby.

COMPLAINT FOR DISCRIMINATION [_____]

1    DATED: January 17, 2019          Respectfully submitted,

2

3                                     TRE LEGAL PRACTICE

4

5                                     /s/ Anna R. Levine

6                                   Anna R. Levine
                                      *Attorney for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DISCRIMINATION [_____]